**DLD-299**                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2782
_____

IN RE:  RAVANNA S. BEY,

Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 27, 2013

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 23, 2013)
_____

OPINION
_____

PER CURIAM

    Ravanna Stephens Bey, Jr., proceeding pro se and in forma pauperis, petitions for

a writ of mandamus compelling the Superior Court of New Jersey for Atlantic County to

dismiss its ongoing criminal proceeding against Bey for lack of jurisdiction.[1]

_____

[1] Bey has been indicted for third degree forgery, uttering a forged instrument, and third
degree theft by deception stemming from an episode where Bey allegedly cashed a check
on which the name of the intended payee was altered.  In his petition, Bey asserts that the

Mandamus is a drastic remedy available in only the most extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In this matter, Bey has not shown that he has a clear and indisputable right to have this Court compel the Superior Court of New Jersey to dismiss his criminal proceeding. See id.  Further, mandamus typically may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs, 418 F.3d at 378 (internal quotation marks omitted).  The Superior Court of New Jersey is not an "inferior court" of this Court, and, except in limited circumstances, federal courts do not have the power to compel state courts to act in a particular way.  See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970); Younger v. Harris, 401 U.S. 37, 45 (1971); In re Grand Jury Proceedings, 654 F.2d 268, 278-79 (3d Cir. 1981).  Accordingly, we deny Bey's petition for a writ of mandamus compelling the Superior Court of New Jersey to dismiss the criminal proceedings against him.

---

Superior Court of New Jersey does not have jurisdiction over him, as he is a "Moorish American" citizen, and is not subject to the jurisdiction of the courts of the United States per the laws of the Moorish American National Republic, the Thirteenth Amendment of the United States Constitution, and the Emancipation Proclamation.  The Superior Court